IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN BRENT | : | CIVIL ACTION |
| v. | : | |
| STRALL WORTH | : | NO. 12-6143 |

MEMORANDUM

SLOMSKY, J.                                                                NOVEMBER 29th, 2012

     Currently before the Court is plaintiff Steven Brent's amended complaint against Strall Worth. For the reasons that follow, the Court will dismiss the amended complaint.

     In his initial complaint, plaintiff alleged that he was assaulted by Worth while incarcerated at the Philadelphia Detention Center. He sought damages in the amount of $50,000. In a November 7, 2012 Order, the Court granted plaintiff leave to proceed in forma pauperis and dismissed the complaint. Specifically, the Court concluded that plaintiff failed to allege any facts to suggest that Worth was a state actor for purposes of 42 U.S.C. § 1983. Additionally there was no basis for diversity jurisdiction over any state law claims because the amount in controversy did not exceed $75,000. Plaintiff was given leave to file an amended complaint, which he did.

     In his amended complaint, plaintiff again alleges that he was assaulted by Worth at the Philadelphia Detention Center. Specifically, he asserts that he "was threatened and cursed at and injured by [Worth]" when he confronted Worth about money that was owed to him. He seeks $75,000 in damages and "automatic

1

release" from confinement.

As plaintiff is proceeding <u>in forma pauperis</u>, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the amended complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), <u>see</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As noted in the Court's prior Order, "a suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995). Although plaintiff purports to be bringing claims under § 1983, nothing in his amended complaint establishes that Worth was acting under the color of state law when he assaulted plaintiff. Furthermore, plaintiff's request for injunctive relief in the form of release from imprisonment is not cognizable in a § 1983 action. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973)

("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). To the extent that he is raising claims under state law, there is no independent basis for jurisdiction over those claims because the complaint does not allege the citizenship of the parties and because the amount in controversy does not exceed $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332(a); Freeland v. Liberty Mut. Fire Ins. Co., 632 F.3d 250, 252 (6th Cir. 2011) (amount in controversy of $75,000 is one penny short of the jurisdictional minimum).

For the foregoing reasons, the Court will dismiss plaintiff's amended complaint. Plaintiff will not be given another opportunity to amend as the Court concludes that further attempts at amendment would be futile. An appropriate order follows.